Daniel J. ELDREDGE, Jr., et al., Appellants,

v.

INDEPENDENT SCHOOL DISTRICT NO. 625, Respondent.

No. C9-87-2224.

Court of Appeals of Minnesota.

April 26, 1988.

Review Denied July 6, 1988.

Patrick H. O'Neill, Christine L. Meuers, Michelle McQuarrie Colton, O'Neill, Burke, O'Neill, Leonard and O'Brien, Ltd., St. Paul, for appellants.

Thomas M. Sipkins, Michael D. Christenson, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, Jeffrey G. Lalla, Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and SCHUMACHER and SCHULTZ[*], JJ.

## OPINION

SCHUMACHER, Judge.

Appellants request relief from summary judgment dismissing their claim under the Equal Transportation Act. Appellants, parents of children residing in Independent School District No. 625, sought to compel the district to provide bus transportation for them to a private school in another district. Appellants argue the district arbitrarily denied them such transportation despite the fact that the schools in question maintain departments not maintained within the district and/or that district school bus transportation can be provided more safely, economically and conveniently than can other alternatives. The trial court dismissed their claim. We affirm.

[*] Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## FACTS

Appellants' children reside within the boundaries of Independent School District No. 625—St. Paul (the district). Each child attends St. Thomas Academy Middle School (St. Thomas) or Convent of the Visitation Lower and Middle Schools (Visitation), both private Catholic schools located in Mendota Heights, Minnesota. There are currently 68 additional students similarly situated. The three Eldredge children currently ride a school bus at a cost to their parents of $575 per student per year. The two Pearson children currently ride with their parents in private automobiles.

On March 24, 1986 the superintendent of St. Thomas and the headmaster of Visitation requested the district provide bus transportation from St. Paul to the two schools in Mendota Heights. Such transportation was already provided to high school students attending these schools as those grades were filled to capacity at Catholic schools within the district, making the grades "unavailable" within the meaning of the statute. On August 4, 1986, after consideration of the request, the district determined that such transportation was not required under the Equal Transportation Act. The district argued the schools did not meet either of two criteria for free transportation: 1) that the private school to which students are transported maintain grades or departments not maintained within the district; or 2) that such transportation can be "more safely, economically, or conveniently" provided by the district.

A temporary restraining order was granted on August 18, 1986 to prevent the district from excluding the children from eligibility for such transportation. On August 28, 1986, the children's motion for an injunction was denied by the trial court. In so doing the court stated:

The short of the matter is that bus transportation will be available * * *. The real issue in this action is who is to pay for it * * *.

The trial court granted the district's cross-motion for summary judgment, dismissing appellants' claim. From this dismissal, the parents appeal.

## ISSUES

1. Does the Equal Transportation Act require School District No. 625 to provide free transportation for children residing within the district who choose to attend St. Thomas Academy and Convent of Visitation School, located outside the district?

2. Is the failure to provide such transportation a denial of equal protection under the Minnesota Constitution?

## ANALYSIS

### I.

The Equal Transportation Act provides, in relevant part:

Subd. 1(a) The *school board* of any local district *shall provide school bus transportation to the district boundary* for school children residing in the district at least the same distance from a nonpublic school actually attended in another district as public school pupils are transported in the transporting district, whether or not there is another nonpublic school within the transporting district, *if the transportation is to schools maintaining grades or departments not maintained in the district or if the attendance of such children at school can more safely, economically, or conveniently be provided for by such means.*

(b) *The school board* of any local district *may provide school bus transportation to a nonpublic school in another district* for school children residing in the district and attending that school, whether or not there is another nonpublic school within the transporting district, *if the transportation is to schools maintaining grades or departments not maintained in the district or if the attendance of such children at school can more safely, economically, or conveniently be provided for by such means.* If the board transports children to a nonpublic school located in another district, *the nonpublic school shall pay*

*the cost of such transportation provided outside the district boundaries.*

Minn.Stat. § 123.78 subd. 1(a) and (b) (1986) (emphasis added).

On appeal, a motion for summary judgment will be upheld where there are no genuine issues of material fact, and the trial court did not err in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). Appellants allege sufficient grounds exist to establish both uniqueness of program, and enhanced safety and economy under the act. No one denies that the grade levels offered by St. Thomas and Visitation are offered at other private Catholic schools within the district.

The administrators of both schools contend that between them they maintain the following "departments" for which there are no equally sophisticated equivalents with the St. Paul district:

1. Performing Arts (classical ballet, orchestra, band, bell choir, drama, and general music);
2. Visual Arts (painting, drawing, ceramics and advanced art);
3. Foreign Languages (spanish, french and latin);
4. Computer (LOGO, BASIC, and low-resolution graphic design);
5. Laboratory Science;
6. Advanced Math;
7. Montessori Pre–School.[1]

■ All parties acknowledge that the depth and diversity of class offerings at these schools are unique. The question is whether these courses constitute "departments" not maintained by Catholic grade schools and middle schools within the district. The only definitions of the term "department" as used in the act recognize both religious studies, Minn.R. 3520.1500 (1987), and vocational studies, Op.Atty.Gen. 116–A–7 (July 15, 1976), as educational departments. The *American Heritage Dictionary,* 2nd College Edition (1982) defines department as:

A division of a school or college dealing with a particular field of knowledge: *the physics department.*

*Roget's International Thesaurus* offers "field," "sphere," and "discipline" as synonyms. 4th Edition (1979).

By any of these definitions, the trial court's conclusion has a reasonable foundation:

It is also undisputed that fine arts, music, computer, [e]nglish, math, science, social studies, religion, reading, and physical education instruction are available at Catholic schools within District 625.

\* \* \* \* \* \*

Specific subtopics in [e]nglish, math and music may not be available, but, the content areas are.

While it is true that the diversity of *courses* offered within these content areas is quantitatively and qualitatively unique, we are constrained to find that such courses do not constitute "departments" within the meaning of the act.

■ Nor are appellants entitled to district funded transportation for reasons of safety, economy, or convenience. Whether students ride in school buses, vans or automobiles is not material, as all are recognized as acceptable vehicles for the transport of students by the State Department of Education. Minn. 3520.0700 subp. 6 and .2000 (1987). Minn.R. 3520.1600 specifically permits a district to contract for transportation with parents. Moreover school bus transportation is currently available to all appellants. The only question is whether they are entitled to have the district pay the cost. Appellants have not described any specific traffic hazards that would compel the district to transport these children, or enhanced economy or efficiency. To the extent that appellants have not demonstrated any dispute over genuine issues of material fact, summary judgment was appropriate.

Minn.Stat. § 123.76.

---

1. This preschool program is not subject to the provisions of the Equal Transportation Act. *See*

## II.

Appellants also argue the district's administration of the Equal Transportation Act is so intentionally and purposefully arbitrary that it amounts to a denial of equal protection under Minn. Const. art. I § 2. In so doing, they cite the district policy of busing students to Catholic private schools outside the district but within Archdiocesean "attendance" areas, and the list of 15 private schools outside district lines to which students are currently bused. We find appellants' claim without merit.

Under the Equal Transportation Act, all children are to have equal access to school transportation when distance or traffic conditions so require. Those choosing to attend private school outside district boundaries will be transported to the district line, subject to discretionary limits with respect to distance, *providing* the private school maintains grades or departments not available within the district or such transportation is justified for reasons of safety, convenience or economy. The statute does not confer the right to free transportation anywhere in the state. Appellants do not challenge the constitutionality of the statute—only the district's application of the criteria contained in the statute. Appellants do not demonstrate that the district has failed to follow those criteria. Appellants are unable to provide this court with any examples of where transportation has been provided and paid for by the district to a school not meeting one of the six criterion listed in the statute: distance, unique grade levels, unique departments, safety, economy or convenience. St. Thomas and Visitation do not maintain grades or departments not found in the district, nor do appellants demonstrate that safety, economy or convenience can be maximized by the district providing transportation.

Minn.Stat. § 123.78 subd. 1a(b) provides —at the district's discretion—for transportation directly to schools outside the district if:

> the transportation is to schools maintaining grades or departments not maintained in the district or if the attendance of such children at school can more safely, economically, or conveniently be provided for by such means.

Under the statute, the cost of such transportation is to be paid by the school. Under this provision bus service is currently available to appellants. Because this transportation is available for those willing to pay for it, appellants have no grounds for challenging the district's application of subd. 1a(b) and have presented no error in the trial court's application of the law justifying reversal.

On the record before this court, District 625 has not applied the provisions of the Equal Transportation Act in an impermissible manner. Appellants have failed to demonstrate any violation of the Equal Protection Clause.

## DECISION

Affirmed.